IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00031-PAB-MJW

SAFDAR LILAK,

Plaintiff(s),

v.

ASTRAZENCA PHARMACEUTICAL-US INC., CORPORATION,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

On April 24, 2012, plaintiff filed a motion (Docket No. 26) requesting permission to amend his complaint. Plaintiff also filed an amended complaint (Docket No. 29) and a corrected amended complaint (Docket No. 30).

The decision to grant or deny a motion to amend is within the sound discretion of the court. See Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997). Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend a complaint is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendant's motion to dismiss (Docket No. 6) was filed on January 26, 2012. Plaintiff did not file his motion to amend until April 24, 2012. Plaintiff provides no explanation for the delay in filing his motion to amend, thus demonstrating undue delay. Indeed, plaintiff's only explanation for why an amendment is needed is to "help the defense understand plaintiff's claims for relief." In addition, allowing plaintiff to amend his complaint so long after defendant filed a motion to dismiss based on plaintiff's original complaint, and after the motion became ripe for ruling, would unduly prejudice defendant. See Dopp v. Loring, 245 Fed. Appx. 842, 850 (10th Cir. 2007).

Accordingly, it is hereby **ORDERED** that plaintiff's motion requesting permission to amend (Docket No. 26) is **DENIED**. Plaintiff's amended complaint (Docket No. 29) and a corrected amended complaint (Docket No. 30) shall be **STRICKEN**.

Date: July 12, 2012